█ In the Matter of LUCY ELLIOT, Petitioner, v BLANCHE BERNSTEIN, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the State Department of Social Services, dated April 6, 1978, which, after a statutory fair hearing, affirmed a decision of the local agency to reduce petitioner's public assistance grant "on the grounds that appellant [petitioner] failed to provide information concerning her last child's father's whereabouts." Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination under review was based not upon statements of third parties, but upon petitioner's own assertions, including statements to the following effect: (1) that she saw James Heading, father of her child, about once a week for a year but never asked him where he lived, never "really" knew where he lived, never knew whether he worked and had not seen him for about one and one-half years prior to the March 2, 1978 hearing (the child was born on December 12, 1977); (2) that only by a chance meeting with a Ms. Walker—at whose house petitioner had met James Heading (and where petitioner "thought" he lived)—did petitioner learn that Heading had been married and was now dead; (3) that petitioner does not know the present address of Ms. Walker (petitioner therefore relied upon her own hearsay version of what the nontestifying Ms. Walker allegedly told her regarding Heading's status and fate); and (4) that when, upon giving birth, petitioner stated that the father of the child was Leonard Elliot, this was an error due

to petitioner's just coming out of anesthesia. In our opinion the above constitutes substantial evidence supporting the State commissioner's finding that "the record in this case establishes that the [petitioner's] testimony relating to her failure to provide information as to the putative father's whereabouts is not credible" (see *Matter of Stork Rest. v Boland,* 282 NY 256, 267; *Matter of Donato v Wyman,* 32 AD2d 1061). Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.